UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ERIC W. DAVIS, )
)
    Plaintiff, )
)
v. ) Case No. 05-1038
)
CITY OF BLOOMINGTON/BLOOMINGTON )
POLICE DEPARTMENT, )
)
    Defendant. )

## O R D E R

This matter is now before the Court on Defendant's Motion for Summary Judgment. For the reasons set forth below, the Motion [#20] is GRANTED.

### BACKGROUND

On June 28, 2004, Detective Michael Gray met with a confidential source named "Chris" regarding the sale of crack cocaine in Bloomington, Illinois. Chris advised that "E", who was later identified as Eric Thomas ("Thomas"), would come to Bloomington to sell crack cocaine. Detective Gray then set up a controlled buy, giving Chris $400.00 to make the purchase on July 15, 2004.

On July 15, 2004, Plaintiff, Eric Davis ("Davis"), drove Thomas to Bloomington. Davis and Thomas initially met up with Chris at a Wendy's restaurant next to a Days Inn motel. Davis went inside Wendy's to use the rest room and returned while Thomas and Chris were talking but claims to have not heard any of their conversation. After some discussion between Thomas and Chris, they all drove over to the motel. Thomas got out

of Davis' vehicle and got in Chris' vehicle. When Thomas returned, he told Davis, "Let's go," and Davis drove away following Thomas' directions.

At some point, Thomas and Chris consummated the drug transaction. Thomas delivered 3 grams of crack cocaine in exchange for $400.00. Shortly after the transaction was completed, Chris met with Detective Gray and told him that Thomas had threatened him and had a gun. Gray relayed this information to the arrest team, which included Officer Thomas Rena and his canine "Rocky," Officer John Heinlen and his canine "Kao," Officer Bryce Stanfield, Officer Chad Wamsley, and Detective Ken Bays.

Squad cars from the arrest team got behind Davis' vehicle. As the police cars behind him accelerated their speed, Davis turned the wrong way onto a one-way street, and the officers activated their overhead lights. At this time, the officers had already received the report that the suspects had a gun and conducted a felony traffic stop. The three squad cars stopped side-by-side behind Davis' vehicle. The officers took positions around Davis' car. Officer Rena was on the passenger side of the vehicle with his canine, and Officer Heinlen was on the driver's side of the vehicle with his canine.

Thomas was ordered out of the car first and was taken into custody without incident. Officer Heinlen repeatedly ordered Davis out of the vehicle, but Davis did not get out. Davis stated that the door would not open, but eventually got the door open. The officer instructed him to immediately exit and get down on the ground, but Davis did not do that, claiming that he could not comply because he had to give the seat belt time to go over his shoulder. Davis was aware of the dogs on either side of his vehicle and admits that he may have turned to look in the direction of the dog on the passenger side of the vehicle. The officers stated that they felt that Davis might be reaching for the gun that was reportedly in

the car and released both canines into the car. Kao entered the passenger side and bit Davis' right bicep and tricep while Rocky entered the driver's side and bit Davis on the left thigh. Once the officers confirmed that Davis' hands were empty, they gave the canines the command to release and got them out of the car. The squad cars had active video cameras in them which captured the events.

Davis was then taken into custody by Officers Stanfield and Wamsley. He was transported from the scene by ambulance to St. Joseph Medical Center, where he received three stitches on his arm for the bite. The bite on his leg did not require stitches.

Davis brought this suit against the City of Bloomington Police Department (the "City") alleging that the officers used excessive force in releasing their canines to attack him. The City has now moved for summary judgment. The matter is fully briefed, and this Order follows.

## STANDARD OF REVIEW

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

## ANALYSIS

In this case, Davis has alleged that Officers Rena and Heinlen used excessive force against him in releasing their canines to attack him during the felony stop. However, neither of these officers are named defendants in this action. Rather, Davis has named only the City. He does not allege any official custom or policy of the City, and in fact, admits that he has no knowledge of other dog bites involving any of the City's police dogs or written policies/procedures pertaining to the use of police dogs, much less any other evidence of an unconstitutional custom or policy with respect to the use of police dogs.

Absent the inclusion of the individual officers as defendants, Davis' Complaint fails to assert anything more than vicarious liability against the City, a municipal entity, which is plainly prohibited under Monell v. New York City Department of Social Services, 436 U.S.

658, 98 S.Ct. 2018 (1978), and its progeny. A municipality may not be held liable for the acts of individual members of its police force solely on a theory of respondeat superior. Gossmeyer v. McDonald, et al., 128 F.3d 481, 494 (7th Cir. 1997), *quoting* Livadas v. Bradshaw, 512 U.S. 107, 114 S.Ct. 2068 (1994); Lanigan v. Village of East Hazel Crest, Illinois, 110 F.3d 467, 478 (7th Cir. 1997), *citing* Monell, 98 S.Ct. at 2036. Rather, "a plaintiff must establish that the constitutional deprivation resulted from either an official policy of the municipality or from a governmental custom or usage, even if such custom was not formally approved by the municipality." Sams v. City of Milwaukee, Wisconsin, 117 F.3d 991, 994 (7th Cir. 1997), *citing* Monell, 98 S.Ct. at 2035-36. It must also be shown that the persistent or pervasive policy in question was the proximate cause of the alleged constitutional injury. Sams, 117 F.3d at 994; Cornfield by Lewis v. School District No. 230, 991 F.2d 1316, 1324 (7th Cir. 1993).

As the allegations in Davis' Complaint do not even come close to meeting this standard even after all reasonable inferences are drawn in his favor, the Court must conclude that no reasonable jury could find in favor of Davis on this Complaint, particularly given Davis' concession that the City has no Monell liability for the individual officers' use of excessive force. The City's Motion for Summary Judgment will therefore be granted.[1]

## CONCLUSION

---

[1] Apparently recognizing this problem after obtaining the assistance of counsel, the Court notes that Davis has filed a second lawsuit that does name Officers Rena and Heinlen as defendants and also includes the City as a necessary party. That lawsuit remains pending as Davis v. Rena et al., Case No. 06-1184 and would appear to be the proper vehicle for resolution of the claims that Davis attempted to present in this case.

For the reasons set forth herein, the Court now GRANTS the Motion for Summary Judgment [#20], and this matter is now TERMINATED.

ENTERED this 16th day of January, 2007.

                                             s/ Michael M. Mihm
                                             Michael M. Mihm
                                             United States District Judge